UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
Patricia Wesley,
individually and on behalf of a class,

Plaintiff,

v.

Dynamic Recovery Solutions, LLC

Defendant.
-----------------------------------------------------X

**CLASS ACTION COMPLAINT**

3:14-CV-486 (GLS/DEP)

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Dynamic Recovery Solutions, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. The FDCPA also requires debt collectors to provide debtors with five pieces of information concerning their debt. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4. Venue is proper in this district is proper because the event giving rise to this lawsuit occurred within this district. Specifically, the collection letter that is the subject of this lawsuit was received within this district.

## PARTIES

5. Plaintiff, Patricia Wesley, is an individual who resides in West Monroe, New York.

6. Plaintiff is a "consumer" as defined by the FDCPA.

7. Defendant, Dynamic Recovery Solutions, LLC is a South Carolina limited liability company with offices at 135 Interstate Blvd. Suite 6 in Greenville, South Carolina 29615.

8. Upon information and belief, Dynamic Recovery Solutions, LLC regularly begins attempting to collect debts for others that are in default and qualifies as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6). See the Defendants website http://dynamicrecovery.com/ (available on April 28th, 2014).

## FACTS

9. Shortly after May 10th, 2013, plaintiff received a letter from Dynamic Recovery Solutions, LLC. See Exhibit A.

10. The letter was dated May 10th, 2013.

11. The letter was a "communication" as defined by the FDCPA.

12. The letter was seeking to collect a "debt" as defined by the FDCPA, because the debt Dynamic Recovery Solutions, LLC was attempting to collect was incurred for personal, family or household purposes and not for business purposes.

13. The letter was the "initial communication" with the consumer as that term is applied by the FDCPA in Section "g".

14. The letter sent to plaintiff is a standard form documents.

15. More than 50 letters similar to the one plaintiff received have been conveyed during the last 12 months.

16. The letter sent to plaintiff is conveyed to consumers with the knowledge and consent of defendant.

17. Documents in the form represented by the letter sent to plaintiff are regularly conveyed to collect delinquent debt.

## CLAIM FOR RELIEF-COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

19. The letter sent by Dynamic Recovery Solutions, LLC in this case violates 15 U.S.C. §§1692 and 1692g.

20. Section 1692g entitled Validation of Debts states

(a) **Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. Defendant's letter did not state the name of the creditor to whom the debt is owed.

22. Plaintiff is therefore entitled to statutory damages pursuant to 1692k.

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

24. The class consists of (a) all individuals (b) with a New York address (c) who were sent a letter substantially similar to the one attached as Exhibit A to this complaint (d) where the letter was the initial written communication with the individual (e) and the letter did not state the name of the creditor to whom the debt is owed (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

25. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

26. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether the collection letter stated the name of the creditor to whom the debt is owed.

27. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

28. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

29. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against the Defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: April 28, 2014

By:______________________________

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com

James Salvatore Giardina
The Consumer Rights Law Group, PLLC
3104 West Waters Avenue, Suite 200
Tampa, Florida 33614
Tel: (813) 413-5610
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com

"EXHIBIT A"

Proof




Patricia Wesley
1242 County Route 26
1242 County Route 26
West Monroe NY 13167-3154

MAY 23 2013

PO BOX 25759
GREENVILLE, SC 29616-0759

May 10, 2013



**You currently owe $6,925.28** XXXX-2141
**Original Creditor: BANK ONE/FIRST USA**
**You DO Have Options!** Mr Crawford



Our office will allow you to settle your account for $2,077.58 if payment is received before 5/24/2013. We are not obligated to renew this offer. Upon receipt and clearance of your payment, this account will be considered satisfied and closed, and a settlement letter will be issued.



Our office will allow you to settle your account for $3,462.64 in 2 payments starting on 5/24/2013. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these two payments of $1,731.32, this account will be considered satisfied and closed, and a settlement letter will be issued.



~~Our office will allow you to settle your account for $4,501.43 in 4 payments starting on 5/24/2013. We are~~ not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of these four payments of $1,125.36, this account will be considered satisfied and closed, and a settlement letter will be issued.



If you are unable to accept one of the above settlement offers, please contact our office for a partial payment plan that you can afford. In many cases we can freeze the interest while you are adhering to a partial payment plan. We take pride in working with all customers, regardless of your current financial position.

Please contact us at 1-877-858-4197 if you have any questions. There may be other options available.

**1-877-858-4197**

**www.dynamicrecovery.com/webpay**
Your online password will be the last 4 digits of your SSN or Account Number.

**PO BOX 25759, GREENVILLE, SC 29616-0759**

ACH DISCLOSURE: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When information from your check is used to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon you written request within 30 days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲

PO Box 25759
Greenville, SC 29616-0759

22 31 00007412
263906

| For on-line payment visit us at www.dynamicrecovery.com/webpay | | |
|---|---|---|
| TO PAY BY CREDIT CARD, PLEASE COMPLETE THIS SECTION | ☐ VISA ☐ MasterCard ☐ Discover | |
| CARD NUMBER | | EXP. DATE |
| SIGNATURE | | SECURITY CODE |
| ACCOUNT # 2013044214381 | TOTAL DUE $6,925.28 | AMOUNT |

Fax# 866-205-5166

Laura

DYNAMIC RECOVERY SOLUTIONS
PO BOX 25759
GREENVILLE, SC 29616-0759

Patricia Wesley
1242 County Route 26
1242 County Route 26
West Monroe NY 13167-3154