UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------x
PATRICIA WESLEY, individually
and on behalf of a class-,
              Plaintiff,        ANSWER

    -against-               14 CV 486

DYNAMIC RECOVERY SOLUTIONS, INC.,
              Defendant.
--------------------------------x

      Defendant, DYNAMIC RECOVERY SOLUTIONS, INC., by its attorney, Arthur Sanders, Esq., answers plaintiff's complaint as follows:

      1.    Defendant acknowledges being sued pursuant to the Fair Debt Collection Practices Act, but denies any violation thereof.

      2.    This paragraph contains no factual allegations directed at the defendant and does not require an admission or denial.

      3.    Defendant admits the allegations contained in paragraph "3" of the complaint.

      4.    Defendant admits the allegations contained in paragraph "4" of the complaint.

      5.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the complaint.

      6.    Defendant admits the allegations contained in paragraph "6" of the complaint.

      7.    Defendant admits the allegations contained in paragraph "7" of the complaint.

8. Defendant admits the allegations contained in paragraph "8" of the complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the complaint.

10. Defendant admits the allegations contained in paragraph "10" of the complaint.

11. Defendant admits the allegations contained in paragraph "11" of the complaint

12. Defendant admits the allegations contained in paragraph "12" of the complaint.

13. Defendant admits the allegations contained in paragraph "13" of the complaint.

14. Defendant denies each and every allegation contained in paragraph "14" of the complaint.

15. Defendant admits the allegations contained in paragraph "15" of the complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the complaint.

17. Defendant admits the allegations contained in paragraph "17" of the complaint.

18. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "17" of the complaint.

19. Defendant denies each and every allegation contained in paragraph "19" of the complaint.

20. This paragraph contains no factual allegations directed against the defendant and does not require an admission or denial.

21. Defendant denies each and every allegation contained in paragraph "21" of the complaint.

22. Defendant denies each and every allegation contained in paragraph "22" of the complaint.

23. Defendant denies that this matter has been properly brought as a class under Rule 23a or 23b(3).

24. Defendant denies each and every allegation contained in paragraph "24" of the complaint.

25. Defendant denies each and every allegation contained in paragraph "25" of the complaint.

26. Defendant denies each and every allegation contained in paragraph "26" of the complaint.

27. Defendant denies each and every allegation contained in paragraph "27" of the complaint.

28. Defendant denies each and every allegation contained in paragraph "28" of the complaint.

29. Defendant denies each and every allegation contained in paragraph "29" of the complaint.

### AS AND FOR A FIRSTT AFFIRMATIVE DEFENSE

30. Pursuant to 15 U.S.C. Section 1692k(c), to the extent a violation is established and in the event Dynamic Recovery Solutions, LLC is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

Dynamic Recovery Solutions LLC trains its employees on compliance procedures and regularly reviews ad updates its procedures. In the event Dynamic Recovery Solutions, LLC is found to have violated the FDCPA, which it specifically denied, any such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed.

Dated: New City, NY
June 12, 2014

_____
ARTHUR SANDERS, ESQ.
Attorney for defendant
30 South Main Street
New City, NY  10956
845-499-2990

To:

SHIMSHON WEXLER
The Law Offices of Shimshon Wexler, P.C.
Attorney or plaintiff
216 west 104th Street, #129
New York, NY  10025


JAMES SALVATORE GIARDINA, ESQ.
The Consumer Rights aw Group, PLLC
3104 West Waters Avenue, Suite 200
Tampa, FL  33614