UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
Patricia Wesley,
individually and on behalf of a class,         Case No. 14-cv-486-GLS-DEP

                                      [PROPOSED]**CIVIL CASE**
                                      **MANAGEMENT PLAN**

                Plaintiff,

    v.

Dynamic Recovery Solutions, LLC

Defendant.
--------------------------------------------------------X

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before September 1st, 2014.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before November 17th, 2014.

**3) DISCOVERY:** All discovery in this action shall be completed on or before January 6th, 2015. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before February 17th, 2015. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before 90 days after the decision on the parties' anticipated summary judgment motions. It is anticipated that the trial will take approximately 2days to complete. The parties request that the trial be held in Albany, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND: No.**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? Yes**
   **ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? Yes**
   **HAVE ALL PARTIES BEEN SERVED? Yes**

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IFAPPLICABLE)?**

**Plaintiff's claims-** The Defendant violated the FDCPA by failing to identify the creditor to whom the debt is owed.

**Defendant's Defense-** If the Defendant violated the FDCPA, it resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

1- Does the failure to identify the creditor to whom the debt is owed violate the FDCPA?
2- Does the bona fide error defense apply in this case?
**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? Yes**

**ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION? Yes**

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT? Plaintiff seeks maximum statutory damages for herself and the class as well as attorneys' fees and the costs of the action.**

**12) DISCOVERY PLAN:**
**A. Mandatory Disclosures**
The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

**B. Subjects of Disclosure**
The parties jointly agree that discovery will be needed to address the following subjects:
1- Net worth of the Defendant
2- The number of Class Members
3- The manner in which the letter was drafted.
4- The bona fide error defense

**C. Discovery Sequence**
Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

The parties will propound discovery in accordance with the Federal Rules of Civil Procedure and discovery will not be phased.

**D. Written Discovery**
Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties will be serving discovery as to the net worth of the Defendant, the identities and quantity of class members, the identity of the person or persons responsible for the drafting of the letter and the bona fide error defense. The discovery will be promulgated by July 31st, 2014. There is no need for the parties to exceed the number of interrogatories.

### E. Depositions
Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.
Plaintiff anticipates at least taking a 30b(6) deposition. Defendant anticipates taking the deposition of the named plaintiff. Non-party fact depositions are not anticipated.

### F. Experts
Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Unknown at this time.

### G. Electronic Discovery
Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

Plaintiff anticipates needing the names and addresses of class members in order to notify the class of this action. Defendant has agreed to provide this information in a usable format so that Plaintiff can give them direct mail notice.

### H. Protective Orders
If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

Defendant will require a protective order when providing its financials.

### I. Anticipated Issues Requiring Court Intervention
Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

Unknown at this time.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? The parties anticipate the case will resolve on motion rather than trial. The parties anticipate the issues will be limited before such motion.**

**IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL? No.**

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT? Not to our knowledge.**
**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED? The Plaintiff anticipates the filing of a motion for class certification no later than 60 days after the close of discovery.**

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**
**1-----2-----3-----4-----(5)-----6-----7-----8-----9-----10**
**(VERY UNLIKELY)**° ° ° ° ° ° ° ° ° ° ° ° **(LIKELY)**

CANNOT BE EVALUATED PRIOR TO: Unknown at this time.

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED? Unknown at this time.**
*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - *Subject to Mandatory Mediation under General Order #47*.**
**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**
A. Reviewed General Order #47? YES
B. Reviewed the List of Court Approved Mediators available on the NDNY website? YES
C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program? YES
D. Discussed the time frame needed to complete Mandatory Mediation? YES
*****************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held over the phone at 10am on June 23rd, 2014 and was attended by: Shimshon Wexler and James Giardina for the plaintiff and Arthur Sanders for the Defendant.